### In re VITEMB et al.
### No. 2309.

United States District Court
S. D. Texas, Houston Division.
April 27, 1954.

Seymour Lieberman, Houston, Tex., for Mike Vitemb.

Thad Grundy, Houston, Tex., for trustee.

KENNERLY, Chief Judge.

This is a petition to review an order of the Referee in Bankruptcy, dated January 21, 1954, refusing to grant the application of the trustee, filed October 30, 1953, to require one of the bankrupts, Mike Vitemb, to turn over to the trustee $38,727.66, claimed by the trustee to have been theretofore and then in such bankrupt's possession or under his control.

The Referee made and filed findings of fact and conclusions of law. Such findings of fact are quoted in the margin.[1]

1. The Referee's findings of fact are as follows:

"1.

"Between June 14, 1952, and February 12, 1953, the date of filing of the involuntary petition in bankruptcy herein, Mike Vitemb liquidated or caused to be liquidated approximately Four Hundred Twenty-five Thousand Dollars, ($425,000.00) in assets.

"2.

"On November 5, 1952, Mike Vitemb received from the Corpus Christi National Bank of Corpus Christi, Texas, a cashier's check or bank draft for Two Thousand Dollars ($2,000.00), payable to his order.

"3.

"On November 6, 1952, Mike Vitemb received from said Bank a cashier's check or bank draft for Nine Thousand Seven Hundred Twenty-seven and 66/100 Dollars ($9,727.66), payable to his order.

"4.

"On January 2, 1953, Mike Vitemb received three (3) cashier's checks of the said Corpus Christi National Bank, payable to his order, in the total amount of Sixteen Thousand Dollars ($16,000.00) which checks were endorsed by the said Mike Vitemb and were paid on January 2, 1953.

"5.

"On January 14, 1953, Mike Vitemb cashed certain cashier's checks and bank drafts at the Corpus Christi National Bank of Corpus Christi, Texas, and received the proceeds thereof, which proceeds amounted to the sum of Twenty-seven Thousand Dollars ($27,000.00) in cash.

"6.

"Between November 5, 1952, and January 14, 1953, Mike Vitemb received the total sum of Fifty-four Thousand Seven Hundred Twenty-seven and 66/100 Dollars ($54,727.66) in cash, cashier's checks, and bank drafts.

"7.

"The petition in bankruptcy herein was filed on February 12, 1953; the petition of the Trustee for a turnover order was filed on October 30, 1953; and the hearing on said petition was held on December 3, 1953.

"8.

"On December 3, 1953, Mike Vitemb filed a verified written answer to the Trustee's petition dated November 24, 1953, in which he denied having in his possession the sum of Thirty-eight Thousand Seven Hundred Twenty-seven and 66/100 Dollars ($38,727.66) belonging to the estate of Mike Vitemb, both at the time of filing said petition in bankruptcy on February 12, 1953, and at the time of filing said answer.

"9.

"Mike Vitemb testified as an adverse witness for the Trustee, with respect to the sums of money described in Findings 2, 3, 4, and 5 hereof; that a portion of said sums was used for various expenses; that a portion thereof was used to pay various bills of Stalco TV & Appliance Company, one of the above bankrupts; that he might have lost a portion of said money; and that he did not know what he had done with the remaining portion of said money.

"10.

"Mike Vitemb offered no testimony to explain the disposition or disappearance of said sum of Fifty-four Thousand Seven Hundred Twenty-seven and 66/100 ($54,727.66) Dollars, other than the testimony given in response to cross-examination by counsel for the Trustee.

"11.

"The testimony of Mike Vitemb as a witness in this proceeding was general, contradictory, evasive and mostly to the effect that he did not remember what he did with the monies that he had, and his testimony altogether was so unsatisfactory that the Referee could only conclude that he was not telling the truth.

832

1. The Referee treated the issue of whether or not such bankrupt did or not have *actual* possession or control of said sum of money, or some part thereof, as one of fact, and in Paragraph 13 of his findings of fact says:

"I find that the trustee failed to locate any assets, money or property within the jurisdiction of the Court to which a Turn Over Order could be made applicable. I find that the trustee established the facts in my Findings 1 to 10, but failed to established the location of any property belonging to the said Mike Vitemb or in his possession or the possession of any one else."

His conclusion of law on such issue of fact is as follows:

"I conclude that the Turn Over Order as applied for should be denied for the reason that the Trustee failed to point out any property on which it could be made operative."

■■■ There being evidence to support the Referee's above quoted finding of fact, it may not be disturbed here. Phillips v. Baker, 5 Cir., 165 F.2d 578. However, an examination of the record is convincing that such finding is right.

■■■ It is clear too that under this finding of fact and under the rule laid down in Maggio v. Zeitz, 333 U.S. 56, 57,

68 S.Ct. 401, 92 L.Ed. 476, the Referee's above-quoted conclusion of law is correct.

2. My conclusion also is that such quoted finding of fact ended the matter, and that the Referee really did not reach, and it was not necessary to decide, the question of what, if any, presumptions arise under the evidence here and under the Referee's other findings of fact. However, under the rule laid down in Maggio v. Zeitz, supra, I think his Conclusions of Law Two and Three are correct. They are as follows:

"I conclude that the period of time intervening between the possession of the money and the filing of the bankruptcy petition and the filing of the application for Turn Over Order, and the date of hearing was of such duration that I could not presume the then possession of the money by the bankrupt Mike Vitemb.

"I conclude that the issuance of the Turn Over Order should not be granted on the presumption that the money having been traced into the hands of the bankrupt is still within his possession."

From what has been said, it follows that the order of the Referee complained of should be and it is affirmed.

Let proper order be drawn and presented.

"12.

"I find that the bankrupt, Mike Vitemb denied in his answer as well as orally on the witness stand that he had at the time of the filing of the bankruptcy petition or at the time of the filing of petition for a Turn Over Order any money and that to the best of his recollection he had used all of the money for the payment of debts and expenses, and that he had not intentionally defrauded his creditors.

"13.

"I find that the trustee failed to locate any assets, money or property within the jurisdiction of the Court to which a Turn Over Order could be made applicable. I find that the trustee established the facts in my Findings 1 to 10, but failed to establish the location of any property belonging to the said Mike Vitemb or in his possession or the possession of any one else.

"14.

"I find that Mike Vitemb failed to satisfactorily explain or account for the disposition or disappearance of the sums of money and property coming into his possession.

"15.

"I find that the Turn Over Order was directed only to 4 items as follows: Proceeds of cashier's checks.

| | |
|---|---|
| Check dated November 5, 1952 | $2,000.00 |
| Check dated November 6, 1952 | $9,727.66 |
| Check dated January 5, 1953 | $16,000.00 |
| Cash, January 27, 1953, | $27,000.00 |

(proceeds of checks cashed by him at the Corpus Christi National Bank.)"